UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

SEENA INTERNATIONAL, INC.,                Case No. 15-CV-1095-PKC

        Plaintiff,                    JURY TRIAL DEMANDED

    v.

ONE STEP UP, LTD., and
HARRY ADJMI,

        Defendants.
_____

## COMPLAINT

Plaintiff SEENA INTERNATIONAL, INC. ("SEENA"), complaining of defendants, alleges that:

### INTRODUCTION AND OVERVIEW

1. This is an action for trademark infringement and counterfeiting, with related claims for false designation of origin and common law violations.

2. Plaintiff SEENA is owner of the trademarks DITCH PLAINS, BROOKLYN XPRESS and MAX'S QUALITY DRY GOODS ("MAX'S") for wearing apparel, confirmed either by registration with the U.S. Patent and Trademark Office ("USPTO") or by express agreement with the registered trademark owner.

3. Defendant ONE STEP UP, LTD. ("OSU"), and its president and owner defendant HARRY ADJMI ("ADJMI") have infringed and are infringing plaintiff's trademarks and designations by selling wearing apparel within the United States bearing plaintiff SEENA's trademarks and designations purchased from an entity

other than plaintiff SEENA without plaintiff SEENA's consent or permission.

4. Plaintiff SEENA expressly put defendants OSU and ADJMI on notice that the apparel which defendants OSU and ADJMI were selling infringed plaintiff's trademarks and designations, and demanded that defendants OSU and ADJMI cease and desist from their infringing sales, which defendants OSU and ADJMI temporarily -- only temporarily –-
honored.

5. Thereafter, defendants OSU and ADJMI resumed sales of the infringing apparel in flagrant disregard of plaintiff's rights and in willful, knowing and intentional violation of plaintiff's trademark and designation rights, notwithstanding defendants' receipt of plaintiff's cease-and-desist demand.

6. Plaintiff SEENA now sues under both the Lanham Act and New York law recover damages for defendants' knowing, intentional and willful violation of plaintiff's trademarks and to enjoin further sales of the infringing apparel.

JURISDICTIONAL ALLEGATIONS:  FALSE DESIGNATION
<u>OF ORIGIN AND TRADEMARK INFRINGEMENT, ETC.</u>

7. Plaintiff incorporates the allegations of paragraphs 1-6 of this complaint.

8. This is an action --

-- arising under section 43(a) of the Lanham Act, 15 USC 1125(a), for false designation of origin in connection with

plaintiff's trademarks/designations DITCH PLAINS, BROOKLYN XPRESS and MAX'S on wearing apparel, and

-- arising under section 32 of the Lanham Act, 15 USC 1114, for infringement of the federally registered trademarks BROOKLYN XPRESS and MAX'S on wearing apparel --

-- together with supplemental claims arising under New York law for unfair competition and dilution which are joined with plaintiff's related claims under the Lanham Act and which are so closely related to plaintiff's claims under the Lanham Act that they form part of the same case or controversy under Article III of the Constitution.

9.  This Court has jurisdiction over the subject matter of the federal false-designation and trademark-infringement claims by reason of 15 USC 1121(a) and 28 USC 1331, 1337(a) & 1338(a) and has jurisdiction over the subject matter of the claims arising under New York law by reason of this Court's supplemental jurisdiction pursuant to 28 USC 1338(b) & 1367(a).

## THE PARTIES

10. Plaintiff incorporates the allegations of paragraphs 1-9 of this complaint.

11. Plaintiff SEENA is a New York corporation with its principal place of business at 530 Seventh Avenue, New York, NY.  Plaintiff SEENA is engaged in the business of selling wearing apparel to retail and other establishments for sale to the general public.

12.  As shown below, plaintiff SEENA is owner of valuable federal trademark registrations and agreements concerning federally registered trademarks which confer valuable rights on plaintiff SEENA in connection with the sale of wearing apparel throughout the United States.

13.  Defendant ONE STEP UP, LTD. ("OSU"), is a New York corporation with its principal place of business at 1412 Broadway, New York, NY.  Defendant OSU also is in the business of selling wearing apparel throughout the United States.

14.  Defendant HARRY ADJMI ("ADJMI") is president and owner of defendant OSU and at all relevant times was involved in and authorized the actions of OSU which knowingly and willfully violated plaintiff SEENA's trademark and other rights.

### PLAINTIFF'S USE AND OWNERSHIP OF THE TRADEMARKS

15.  Plaintiff SEENA incorporates the allegations of paragraphs 1-14 of this complaint.

16.  Plaintiff SEENA is:

>   a. owner of the DITCH PLAINS trademark in connection with wearing apparel, confirmed by express agreement with ANVIL NY LLC which owns the federal registrations for the DITCH PLAINS trademark, registered with the USPTO as registrations ##3327160, 4223113, 4305585 and 4307079 (exh.1),[1] and

---

[1] Prior to plaintiff SEENA's agreement with ANVIL NY LLC (exh.1), ANVIL successfully opposed SEENA's application to register the DITCH PLAINS trademark.  The U.S. Trademark Trial and

-4-

      b. owner of the federal registration of the BROOKLYN XPRESS trademark in connection with wearing apparel, registered with the USPTO as registration #3,834,723 (exh.2), and

      c. owner of the federal registration of the MAX'S trademark in connection with wearing apparel, registered with the USPTO as registration #4,072,290 (exh.3).

---

Appeal Board ("TTAB") on July 7, 2010 held that SEENA'S DITCH PLAINS trademark was confusingly similar to ANVIL's already-registered DITCH PLAINS trademark. Subsequent to the TTAB decision, plaintiff SEENA and ANVIL reached an agreement on April 25, 2013 which divided the mark and confirmed plaintiff's SEENA's ownership of the DITCH PLAINS trademark on wearing apparel and lack of confusion with ANVIL's mark provided that plaintiff SEENA did not use the DITCH PLAINS trademark in connection with restaurants or restaurant services (exh.1). The ANVIL-SEENA agreement validly confirmed plaintiff SEENA's ownership of the DITCH PLAINS trademark, as limited, notwithstanding the TTAB decision for 2 reasons:

    First, such agreements are enforceable and confirm plaintiff SEENA's trademark rights notwithstanding the prior TTAB decision denying them. <u>In re Four Seasons Hotels, Ltd.</u>, 987 F.2d 1565, 1567, 1569 (Fed.Cir. 1993) (enforcing contract for joint ownership of trademark after TTAB's denial of one party's registration request because "[t]he parties in this case entered into a consent agreement after [one party] was denied registration of its mark ... on the ground that its mark was confusingly similar.... The parties themselves have determined [by agreement] that confusion of the public by concurrent use of their marks is unlikely"); <u>Amalgamated Bank of New York v. Amalgamated Trust & Savings Bank</u>, 842 F.2d 1270, 1274 (Fed.Cir. 1988) (enforcing contract for joint ownership of trademark where the parties "voluntarily entered into a consent agreement delineating the markets in which each entity's mark would function"); <u>Good Earth Corp. v. M.D.Horton & Associates</u>, 156 F.3d 1236, 1998 WL 391450 *4 (9th Cir. 1998) (same); <u>In re E.I.DuPont DeNemours & Co.</u>, 476 F.2d 1357, 1363 (CCPA 1973) (enforcing contract for division and joint ownership of trademark entered into after TTAB denied registration to one party).

    Second, the ANVIL-SEENA agreement (exh.1) post-dated and superseded the TTAB decision and confirmed plaintiff SEENA's trademark rights subsequent to the TTAB decision.

17.  As trademark owner, plaintiff uses the DITCH PLAINS, BROOKLYN XPRESS and MAX'S trademarks to designate the origin of its wearing apparel under section 43(a) of the Lanham Act, 15 USC 1125(a), and uses the BROOKLYN XPRESS and MAX'S trademarks to designate the source of its wearing apparel under section 32 of the Lanham Act, 15 USC 1114.

18.  Plaintiff SEENA has used and advertised the DITCH PLAINS, BROOKLYN XPRESS and MAX'S trademarks extensively in interstate and foreign commerce including, without limitation, at trade shows, in commercial advertising, on apparel labels, and in retail stores.  Plaintiff SEENA has committed substantial sums to the advertising, packaging and shipment of goods under its trademarks.

19.  As a result, plaintiff SEENA has gained valuable good will and favorable reputation under the DITCH PLAINS, BROOKLYN XPRESS and MAX'S trademarks in connection with the sale of wearing apparel in interstate commerce throughout the United States and in other countries.

### DEFENDANTS' INFRINGEMENT OF PLAINTIFF'S TRADEMARKS AND FALSE DESIGNATIONS OF ORIGIN

20.  Defendants OSU and ADJMI knowingly and willfully violated plaintiff's trademark rights through sales of wearing apparel with infringing and counterfeit trademarks.  Defendants' illegal sales definitely involved plaintiff's DITCH PLAINS

trademark and, upon information and belief, also involved plaintiff's BROOKLYN XPRESS and MAX'S trademarks.

21.  Defendants OSU and ADJMI have advertised, marketed and sold (and continue to advertise, market and sell) in interstate commerce throughout the United States wearing apparel bearing plaintiff's DITCH PLAINS trademark -- and upon information and belief, also bearing plaintiff's BROOKLYN XPRESS and MAX's trademarks -- obtained from a channel in commerce other than plaintiff SEENA without SEENA's consent or approval.

22.  Defendants OSU's and ADJMI's illegal sales of wearing apparel with plaintiff's trademarks deceived or caused confusion or mistake (and continue to deceive and cause confusion or mistake) by the purchasers of products bearing defendants' infringing and counterfeit trademarks.

23.  These infringing sales by defendants OSU and ADJMI improperly and illegally enabled defendants OSU and ADJMI to benefit from, exploit, misappropriate, and convert the good will and reputation which are plaintiff's property and rights, and improperly and illegally disparaged plaintiff SEENA's reputation and trademark rights, and destroyed and impaired the value and reputation of plaintiff's trademarks.

24.  Defendants' illegal sales not only infringed (and continue to infringe) plaintiff's trademark(s) but also constitute counterfeit duplications.  As shown below, defendants' apparel labels are exact replicas of plaintiff's DITCH PLAINS labels and are illegal counterfeits of them.

25. Defendants OSU and ADJMI have infringed and counterfeited plaintiff's trademarks willfully and intentionally, knowing of plaintiff SEENA's ownership of these trademarks and of the illicit nature of the goods defendants were selling, and knowing of plaintiff SEENA's demands that defendants OSU and ADJMI cease and desist from their infringing sales.

### DEFENDANTS' KNOWLEDGE AND AWARENESS OF PLAINTIFF'S TRADEMARK RIGHTS

26. On Feb. 13, 2013, plaintiff's SEENA's corporate counsel Todd Gabor, Esq., addressed a cease-and-desist letter to defendants OSU and ADJMI (exh.4). This cease-and-desist letter informed defendants OSU and ADJMI of plaintiff SEENA's ownership of the DITCH PLAINS, BROOKLYN XPRESS and MAX'S trademarks in connection with wearing apparel and of the illicit unauthorized use of plaintiff's trademarks on the wearing apparel that defendants OSU and ADJMI were selling (exh.4). The cease-and-desist letter contained a demand, inter alia, that defendants OSU and ADJMI immediately cease sales of wearing apparel bearing one or more of plaintiff's trademarks (exh.4).

27. Defendants OSU and ADJMI admit receiving this cease-and-desist letter (exh.4).

28. Upon information and belief, shortly thereafter defendants OSU and ADJMI, in recognition of plaintiff SEENA's trademark rights, temporarily ceased and desisted from sales of

wearing apparel bearing plaintiff's DITCH PLAINS, BROOKLYN XPRESS and MAX'S trademarks.

29.    Defendants OSU and ADJMI further acknowledged plaintiff SEENA'S trademark rights through their filing in a State Court action involving these same trademarks.  On Oct. 11, 2013 defendant OSU filed a motion to intervene in a State Court action (exh.5) in which defendant OSU, through defendant ADJMI's affidavit (exh.6), acknowledged receiving plaintiff's cease-and-desist letter (exh.4) and sought a Court order either compelling a refund to OSU from the Chinese manufacturer or permitting OSU to sell the infringing items (exh.6 par.13).

30.    In their State Court filing, defendants OSU and ADJMI proffered a letter purporting to allow their sales.  Plaintiff SEENA had issued the letter to a Chinese manufacturer allowing limited imports of wearing apparel bearing plaintiff's trademarks DITCH PLAINS, BROOKLYN XPRESS and MAX'S (exh.7, attached as an exhibit to defendant ADJMI's affidavit, exh.6).  However, defendants OSU and ADJMI admitted that they had received notice from plaintiff that the apparel in defendants' possession were unauthorized infringing items beyond the scope of plaintiff SEENA's consent (exh.6 par.9).  Defendants OSU and ADJMI thus knew and were aware that the wearing apparel they were selling with plaintiff's trademarks were infringing and counterfeit items beyond the scope of the consent which plaintiff had issued to the Chinese manufacturer.

31. It was for this reason that defendants OSU and ADJMI moved to intervene in the State Court action -- to obtain either a refund from the Chinese manufacturer or permission to sell the infringing items (exh.6 par.13) -- after receiving express notice from plaintiff that the wearing apparel defendants were selling with plaintiff's trademarks were infringing and counterfeit items beyond the scope of the consent issued to the Chinese manufacturer.

### DEFENDANTS' WILLFUL INFRINGEMENT AND COUNTERFEITING OF PLAINTIFF'S TRADEMARKS NOTWITHSTANDING THEIR AWARENESS OF PLAINTIFF'S TRADEMARK RIGHTS

32. Inexplicably, and in flagrant disregard of plaintiff's rights, defendants OSU and ADJMI later withdrew their motion to intervene in the State Court action without receiving judicial clearance (exh.8) and never again sought judicial clearance to sell what they knew were infringing and counterfeit items bearing plaintiff's trademarks.

33. Defendants OSU and ADJMI recently resumed selling the wearing apparel with plaintiff's trademarks, and did so without judicial approval, without plaintiff's consent or approval, and in knowing and willful violation of plaintiff's trademarks and willful disregard their admitted need to obtain judicial clearance.

34. Both plaintiff SEENA's cease-and-desist letter to defendant OSU (exh.4) and defendants OSU's/ADJMI's motion to intervene in the State Court action (exhs.5-6) confirm defendants

OSU's and ADJMI's awareness of plaintiff SEENA's trademark rights and awareness of plaintiff SEENA'S claim that the wearing apparel defendants were selling infringed plaintiff SEENA's trademarks.

35.  Attached as exh.9 are copies of wearing apparel, labels, hang tags and receipts showing defendants' willful sales of wearing apparel bearing plaintiff's DITCH PLAINS trademark, without the consent or approval of plaintiff SEENA, after defendants OSU and ADJMI admitted they knew of plaintiff's claim of infringement.

36.  These labels and hangtags (exh.9) are exact duplicates of plaintiff's DITCH PLAINS labels and hangtags and thus are not only infringements but are willful counterfeits.

37.  Upon information and belief, defendants OSU and ADJMI have misrepresented to others, and continue to misrepresent to others, at trade shows, in advertising and elsewhere that they have the right to use the DITCH PLAINS, BROOKLYN XPRESS and MAX'S trademarks in a manner which infringes plaintiff's trademark rights.

38.  Defendants OSU's and ADJMI's sales of wearing apparel bearing plaintiff's DITCH PLAINS trademark -- and, upon information and belief, also bearing plaintiff's BROOKLYN XPRESS and MAX'S trademarks -- are and have been willful, knowing and intentional violations of plaintiff SEENA's trademark rights and willful and intentional infringement and counterfeiting of plaintiff's trademarks.

## NEED FOR BOTH A DAMAGE/PROFITS AWARD AND PERMANENT INJUNCTION

39.  Neither a damage/profits award alone nor an injunction alone will adequately compensate or protect plaintiff.  Plaintiff needs both.  A damage/profits award alone compensates only somewhat for past willful infringements and counterfeiting but does not fully compensate for lost good will or for future sales of infringing and counterfeit items.  Although a damage/profits award is necessary to compensate plaintiff as much as reasonably possible, it still leaves plaintiff without an adequate remedy at law.  A permanent injunction prevents future sales and infringements but does not compensate for past willful sales.

40.  Thus both a substantial damage/profits award and permanent injunction are necessary to fully compensate and protect plaintiff.

41.  Defendants' conduct is likely to cause confusion or mistake or to deceive purchasers and others concerning the affiliation, origin, sponsorship or approval of articles marketed, advertised and/or sold under defendants' infringing trademarks and/or under defendants' false designations of the origins of their products.

42.  Because of --

-- defendants' infringement of plaintiff SEENA'S trademark DITCH PLAINS and associated good will through defendants' illegal use of the DITCH PLAINS trademark to falsely designate the origin of their products in violation of 15 USC 1125(a) and --

-12-

>             -- upon information and belief, defendants'
>        infringement of plaintiff SEENA'S registered trademarks
>        BROOKLYN XPRESS and MAX'S and associated good will in
>        violation of 15 USC 1114 --

plaintiff SEENA does not have an adequate remedy at law in damages and needs the protection of a permanent injunction from this Court.

    43.  Plaintiff SEENA does not waive a recovery in damages/profits and seeks to recover all damages and restitution to which it is rightfully entitled.  However, such damages, while essential, are never a complete remedy in cases of trademark infringement and false designation of origin under 15 USC 1125(a) or trademark infringement under 15 USC 1114.

COUNT 1
FALSE DESIGNATION OF ORIGIN AND TRADEMARK INFRINGEMENT
CONCERNING "DITCH PLAINS", "BROOKLYN XPRESS" AND "MAX'S"
<u>(15 USC 1125, ETC.)</u>

    44.  Plaintiff SEENA incorporates the allegations of paragraphs 1-43 of this complaint.

    45.  Under Section 43(a) of the Lanham Act, 15 USC 1125(a), plaintiff SEENA has exclusive rights to use in interstate and foreign commerce the trademarks DITCH PLAINS, BROOKLYN XPRESS and MAX'S and all designations, marks, and symbols confusingly similar thereto, in connection with wearing apparel.[2]

---

   [2]This is limited only by the SEENA-ANVIL agreement (exh.1) which precludes SEENA'S use of the DITCH PLAINS trademark in connection with restaurants or restaurant services (par.16(a)n.1, <u>supra</u>).

46. In violation of 15 USC 1125(a), defendants have knowingly, willfully, intentionally and falsely designated the origin of their wearing apparel as allegedly originating with plaintiff SEENA by defendants' illegal use of one or more of the trademarks or designations DITCH PLAINS, BROOKLYN XPRESS and MAX'S, or confusingly similar trademarks, in connection with wearing apparel.

47. In violation of 15 USC 1125(a), defendants intend to continue falsely designating the origin of their wearing apparel under one or more of the above-mentioned trademarks or symbols enumerated in paragraph 46.  Defendants intend to continue this false designation of origin despite defendants' knowledge and awareness that the rightful and legitimate origin of wearing apparel under one or more of these trademarks or symbols in the United States lies exclusively with plaintiff SEENA.

48. Unless permanently enjoined by this Court, as authorized by 15 USC 1116(a), defendants will continue to falsely designate the origin of their wearing apparel under one or more of the false designations of origin DITCH PLAINS, BROOKLYN XPRESS and MAX'S or other designations or symbols confusingly similar thereto.

49. Pursuant to 15 USC 1117(a), plaintiff SEENA also is entitled to recover defendants' profits plus all damages sustained by plaintiff SEENA, together with three times the damages proximately caused by defendants' willful, knowing and intentionally false designation of the origin of their goods

under one or more trademarks DITCH PLAINS, BROOKLYN XPRESS and MAX'S and confusingly similar designations.

COUNT 2
UPON INFORMATION AND BELIEF,
INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARKS
"BROOKLYN XPRESS" AND "MAX'S QUALITY DRY GOODS"
(15 USC 1114, 1116 & 1117)

50. Plaintiff SEENA incorporates the allegations of paragraphs 1-43 of this complaint.

51. Upon information and belief, and based on defendants' assertion of entitlement to sell wearing apparel under plaintiff's registered trademarks BROOKLYN XPRESS and MAX'S (par.30 above), defendants have violated 15 USC 1114, 1116 & 1117 by knowingly, willfully and intentionally infringing plaintiff SEENA's rights under the registered trademarks BROOKLYN XPRESS and MAX'S in connection with wearing apparel, by selling, marketing and/or advertising wearing apparel bearing plaintiff's registered trademarks BROOKLYN XPRESS and MAX'S.

52. In violation of 15 USC 1114, 1116 & 1117, defendants intend to continue to infringe plaintiff SEENA'S rights under its registered trademarks BROOKLYN XPRESS and MAX'S in connection with wearing apparel.

53. In violation of 15 USC 1114, 1115 & 1117, defendants have used, are continuing to use, and intend to continue using, trademarks which infringe the federally registered trademarks BROOKLYN XPRESS and MAX'S and confusingly similar trademarks.

54.  Unless permanently enjoined by this Court, as authorized by 15 USC 1116(a), defendants will continue to infringe plaintiff's federally registered trademarks BROOKLYN XPRESS and MAX'S and trademarks confusingly similar thereto.

55.  Pursuant to 15 USC 1117(a), plaintiff SEENA also is entitled to recover defendants' profits plus all damages sustained by plaintiff SEENA, together with three times the damages proximately caused by defendants' knowing, intentional and willful infringement of the federally registered trademarks BROOKLYN XPRESS and MAX'S including defendants' infringement of composite trademarks confusingly similar thereto.

## COUNT 3
## UNFAIR COMPETITION
## (NEW YORK COMMON LAW)

56.  Plaintiff SEENA incorporates the allegations of paragraphs 1-43 of this complaint.

57.  In violation of New York common law, defendants have competed unfairly with plaintiff SEENA and intend to continue to compete unfairly with plaintiff SEENA by defendants' illegal, confusing, deceptive, and wrongful use of plaintiff's trademarks, symbols or designations DITCH PLAINS, BROOKLYN XPRESS and MAX'S, and/or other confusingly similar trademarks, symbols or designations, in connection with wearing apparel.

58.  Plaintiff SEENA's rights at common law are preserved pursuant to New York General Business Law 360-o.

59.  Unless permanently enjoined by this Court, defendants will continue to violate plaintiff SEENA's rights.

60.  Plaintiff SEENA also is entitled to recover all damages proximately caused by defendants' knowing, intentional and willful violation of plaintiff SEENA's rights under the DITCH PLAINS, BROOKLYN XPRESS and MAX'S MY SKINNY trademarks and all marks confusingly similar thereto, together with an appropriate award of punitive damages by reason of defendants' knowing, intentional and willful violation and infringement of plaintiff SEENA's rights.

COUNT 4
DILUTION OF DISTINCTIVE QUALITY
OF PLAINTIFF'S TRADEMARKS
(NEW YORK GENERAL BUSINESS LAW 360-L)

61.  Plaintiff SEENA incorporates the allegations of paragraphs 1-43 of this complaint.

62.  In violation of New York General Business Law section 360-L, defendants have violated, and are continuing to violate, plaintiff SEENA's rights -- under the DITCH PLAINS, BROOKLYN XPRESS and MAX'S trademarks and under trademarks confusingly similar thereto -- by selling, marketing and/or representing that they have the right to sell and market goods under the DITCH PLAINS, BROOKLYN XPRESS and MAX'S trademarks and under confusingly similar trademarks.

63.  Defendants' illegal and wrongful actions dilute the distinctiveness of the trademarks under which plaintiff SEENA is entitled to market and wearing apparel.

64. Unless permanently enjoined by this Court, defendants will continue to violate plaintiff SEENA's rights under the DITCH PLAINS, BROOKLYN XPRESS and MAX'S trademarks and under all trademarks confusingly similar thereto.

65. Plaintiff SEENA also is entitled to recover all damages proximately caused by defendants' knowing, intentional and willful violation of plaintiff SEENA's rights under the DITCH PLAINS, BROOKLYN XPRESS and MAX'S trademarks and under trademarks confusingly similar thereto, together with an appropriate award of punitive damages.

WHEREFORE plaintiff SEENA demands that this Court enter judgment:

(1) declaring that plaintiff SEENA, pursuant to its valid agreement with the federal registrant ANVIL NY LLC (exh.1 & par.16(a)n.1 supra), has exclusive rights to use in interstate commerce the designation DITCH PLAINS in connection with wearing apparel unrelated to restaurants and restaurant services, together with exclusive rights in and to all designations or symbols confusingly similar to DITCH PLAINS;

(2) permanently enjoining the defendants, and all persons and entities in active concert or participation with them, from using or claiming the right to use the designation DITCH PLAINS and all designations confusingly similar to DITCH PLAINS, as designations of the source of defendants' products in connection with wearing apparel;

(3) declaring that plaintiff SEENA, pursuant to its valid federal registrations, has exclusive rights in the United States and elsewhere to use the federally registered trademarks BROOKLYN XPRESS (exh.2) and MAX'S QUALITY DRY GOODS (exh.3) in connection with wearing apparel, and has exclusive rights in the United States and elsewhere to use all trademarks which are confusingly similar to BROOKLYN XPRESS and MAX'S QUALITY DRY GOODS on wearing apparel;

(4) permanently enjoining the defendants, and all persons and entities in active concert or participation with them, from using or claiming the right to use the federally registered trademarks BROOKLYN XPRESS or MAX'S QUALITY DRY GOODS in connection with wearing apparel, and from using or claiming the right to use any and all trademarks which are confusingly similar to BROOKLYN XPRESS or MAX'S QUALITY DRY GOODS on wearing apparel;

(5) awarding to plaintiff SEENA the profits illegally received by defendants plus all damages sustained by plaintiff in connection with defendants' violations, including treble damages and/or punitive damages as appropriate;

(6) awarding to plaintiff SEENA its costs and attorneys fees incurred in the filing and prosecution of this action; and

     (7) awarding to plaintiff SEENA all other relief which is appropriate and reasonable.

```
Dated:  February 16, 2015        LAW OFFICE OF DENNIS GROSSMAN
                                 Attorney for Plaintiff
                                 SEENA INTERNATIONAL, INC.


                                     /s/ Dennis Grossman

                                 by:_____
                                        Dennis Grossman
                                 14 Bond Street  (#600)
                                 Great Neck, New York 11021
                                 (516) 466-6690
                                 dagrossmanlaw@aol.com
```